# ROY L. HOUCK & SONS *v.* STATE TAX COMMISSION

Orval N. Thompson, Albany, tried the case for plaintiff. On the brief were Weatherford & Thompson and Orval N. Thompson, Albany.

John C. Mull, Assistant Attorney General, Salem, tried the case and submitted a brief for defendant.

Decision for plaintiff rendered March 19, 1963.

PETER M. GUNNAR, Judge.

This is a suit to set aside an omitted property assessment for the ad valorem tax year commencing January 1, 1959, made by the Marion County Assessor and sustained by the defendant commission by its Opinion and Order No. 62-98 against certain personal properties of the plaintiff which were licensed by the Department of Motor Vehicles as fixed load vehicles and which were components of an asphalt plant and a crusher and crushing plant.

The properties in question were machinery to which a frame with axles and wheels was welded or bolted. They were pulled along the highway to move them from site to site. At the work site they were assembled into the two types of plants and, to avoid either vibration or theft of tires, the wheels and axles were removed from some of the components and wooden or steel supports placed under them. Depending upon the job, they might remain at a site up to two years. On January 1, 1959, the crusher was in operation along Interstate Highway 5 near the Santiam River and the asphalt plant, at the same site, was partially dismantled for maintenance. Both items had been at the site for over a year. On that date all the components in question were currently licensed by the Motor Vehicle Department as fixed load vehicles under ORS 481.210.

The position of the defendant is that these properties were not vehicles, were not fixed load vehicles, were not properly licensed under ORS 481.210, and

were not exempt under ORS 481.270. The defendant claims the right to go behind the motor vehicle licensing in making this determination.

Under ORS 481.270, "the registration and license fees imposed by [ORS, ch 481] upon vehicles, * * * are in lieu of all other taxes and licenses, except [an exception not here applicable]." ORS 481.070(2) provides that " 'Vehicle' means every mechanical device moving by any other power than human power over the highways of the state, * * *." ORS 481.210(5), on January 1, 1959, read as follows:

"(5) Annual license fees for fixed load vehicles are $25. As used in this subsection, 'fixed load vehicles' means vehicles which are not designed or used to carry, convey or move any freight, property, article or thing over the highways except their own weight and the weight of a permanent load in the form of any equipment or appliance constructed as a part of or permanently attached to the body of the vehicle and not designed or used to carry, convey or move any freight, property, article or thing over the highways, but does not include:

"(a) Self-propelled mobile cranes.

"(b) Wreckers or tow cars equipped with cranes, hoists or dollies."

No statute then requires vehicles, as opposed to "motor vehicles," defined by ORS 481.040(1) as self-propelled, to be registered, although, as noted, ORS 481.210 provided fees for their licensing.

■ This case is controlled by *Roy L. Houck & Sons v. Tax Com.*, 229 Or 21, 366 P2d 166 (1961). In that case the Supreme Court held that certain graders, scrapers, and a dozer were exempt from ad valorem taxation under ORS 481.270 as fixed load vehicles un-

der ORS 481.210(5). That decision, being applicable here in its entirety, is adopted as a part of this decision and will not be quoted at length.

The only material distinction between the instant case and that cited above is that the vehicles here were not self-propelled and in their working condition did not move from place to place but were stationary and assembled together. The propulsion and condition at work are immaterial under the ruling in the earlier case that this principal use with respect to the highways does not affect their licensability. As Mr. Justice WARNER said in that case (229 Or at pp 27-8):

> "In response to this contention of the Commission, we note that neither the frequency of a vehicle's use of the highways, nor whether it is principally used on the highways, nor how it is used on the highways is made a criteria or condition precedent under ORS ch 481 for determining whether a vehicle must be registered and licensed by the Motor Vehicle Department; thus these factors are irrelevant to a conclusion of the issues presented here."

So long as the properties meet the definition of a "mechanical device moving by any other power than human power over the highways of the state," which admittedly they do, though infrequently, they are vehicles. This very broad definition has three conditions: (1) that the property be a mechanical device; (2) that it move by some power other than human power; and (3) that it move over the state's highways. Presumably, such movement must be on its own wheels or tracks. By reason of the separate definition of "motor vehicle" and "vehicle" and also from the other language of ch 481, it is clear that self-

propulsion is not an element of this definition. The properties in question meet all these conditions. They also meet the definition of fixed load vehicles quoted above from ORS 481.210(5), in that they are not designed to, nor did they, carry loads other than their own weight and consist, in part, of equipment permanently attached to the body of the vehicle. The commission has raised the question of the permanency of the attachment of the wheels and axles. But the statute merely requires that the equipment be permanently attached to the vehicle, which clearly was the case here. There is no testimony that the equipment was removed from the frames. There is no requirement that the wheels and axles be so affixed that they cannot be removed. Such requirement would be contrary to general manufacturing practice. Most of today's vehicles are constructed so that the wheels and often the axles are removable for repair and often storage. Thus, the instant equipment is entitled to licensing under ORS 481.210(5).

■ In the Supreme Court case, it was argued that registration was not mandatory and that the exemption only applied where motor vehicle registration was mandatory. Though there the vehicles were self-propelled and, therefore, "motor vehicles" and subject to mandatory licensing under ORS 481.105, the court held that valid licensing under ORS 481.210(5) as fixed load vehicles was sufficient to exempt the vehicles. In fact, it based the exemption on the general registration law and the fixed load vehicle statute, when it said (229 Or at p 30):

> "We hold that petitioner's vehicles were subject to the general registration and licensing provisions of ORS ch 481 and were validly licensed as fixed-load vehicles under ORS 481.210(5).

"The only question remaining is whether having been so licensed, the vehicles were exempt from ad valorem taxation under ORS 481.270."

It went on to answer the question in the affirmative.

■ The "clincher" in the Supreme Court opinion is its interpretation of the 1959 amendment to ORS 481.272. In substance, it held that the legislative enumeration in that section of vehicles no longer exempt from ad valorem taxation after the 1959 amendment constituted an expression of "the legislative purpose * * * to destroy the ad valorem tax exemption which vehicles like Houck's had enjoyed from 1921 to 1959." Enumerated in that section as so amended are not only the vehicles before the Supreme Court, but also "asphalt plants" and "crushers and crushing plants," the property here in question. The Supreme Court having so interpreted ORS 481.272 as amended in 1959, this court is bound by that interpretation.

For the foregoing reasons, this court holds the property here in question to have been exempt from property tax on January 1, 1959. That these properties are exempt is good law but bad taxation, and the 1959 statutory amendment, at least as to the property here in question; is salutary.

A decree will be prepared under rule 32 of this court setting aside the omitted property tax assessment and allowing costs to the plaintiff.